# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**Angela M. Spivey**            Direct Dial: **404-881-7857**            Email: **angela.spivey@alston.com**

May 22, 2023

**<u>VIA ECF</u>**

Honorable Nelson Stephen Román, U.S.D.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

**Re:** *Lurenz v. The Coca-Cola Company et al.*, No. 7:22-cv-10941-NSR

Dear Judge Román:

    We represent Defendants The Coca-Cola Company and The Simply Orange Juice Company (collectively, "Coca-Cola") in this matter. Coca-Cola intends to move to dismiss the Class Action Complaint ("CAC") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), and 12(b)(6). We accordingly write to request a pre-motion conference regarding Coca-Cola's intended motion and briefly state here the grounds for the motion, pursuant to Part 3.A.ii of the Court's Individual Practices in Civil Cases.

    In this putative class action, Plaintiff claims that the Simply® Tropical juice drink (the "Product") is mislabeled as an "All Natural" juice drink that is "made simply" with "all-natural ingredients" because it allegedly contains trace amounts of per- and polyfluoralkyl substances ("PFAS"), ubiquitous manufactured chemicals that are present at low levels in the environment. *See* CAC ¶ ¶ 33 n.14 (source incorporated by reference into CAC). Certain PFAS may be linked to harmful health effects at indeterminate high levels, *id.* at ¶ 38 n.18 (source also incorporated by reference), but Plaintiff has not pled that he or anyone else has suffered or likely will suffer adverse health outcomes. Plaintiff asserts claims for: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"); (2) violation of N.Y. Gen. Bus. Law ("GBL") § 349; (3) violation of GBL § 350; (4) breach of express warranty; (5) fraud; (6) constructive fraud; and (7) unjust enrichment.

**I.  Plaintiff Lacks Article III Standing to Pursue His Claims**

    Plaintiff only claims economic injury as a result of the alleged misrepresentations or omissions—that he did not receive the full benefit of his bargain and/or that he paid a price premium, CAC ¶ 91—but he cannot show a concrete economic harm required to establish Article III standing. In cases such as this, involving the presence of purportedly unsafe chemicals in consumer products, courts have held that a consumer cannot establish standing under a benefit-of-the-bargain theory where: (1) the consumer received a

Alston & Bird LLP                                                                                                               www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Honorable Nelson Stephen Román, U.S.D.J.
May 22, 2023
Page 2

functioning product he or she consumed without incident; and (2) the consumer claims the product is worth less because of the presence of the chemicals, but fails to allege that the chemicals actually pose a substantial and credible risk of future harm. *See, e.g.*, *In re Johnson & Johnson Talcum Powder*, 903 F.3d 278, 287, 290 (3d Cir. 2018); *Richburg v. ConAgra Brands, Inc.*, No. 22-cv-2420, 2023 U.S. Dist. LEXIS 21137, at *12 (N.D. Ill. Feb. 8, 2023) (rejecting benefit-of-the-bargain theory in PFAS consumer goods context); *In re Fruit Juice Prods.*, 831 F. Supp. 2d 507, 512 (D. Mass. 2011). Plaintiff also cannot proceed under a price-premium theory given that the Complaint contains only threadbare, factually unsupported allegations that he paid a premium, and this is not a situation where the Court can readily infer that the presence of PFAS—substances that have not caused any harm or even a credible risk of future harm—inherently renders the product inferior or worth less. *See, e.g.*, *Estrada v. Johnson & Johnson*, No. 16-7492, 2017 U.S. Dist. LEXIS 109455, at *44 (D.N.J. July 14, 2017), *aff'd* 903 F.3d 278 (3d Cir. 2018); *In re Gerber Products Company Heavy Metals Baby Food Litigation*, No. 1:21-cv-269, 2022 U.S. Dist. LEXIS 189822, at *38 (E.D. Va. Oct. 17, 2022).

Plaintiff also has not pled a particularized injury because he has not plausibly alleged that the Product he purchased contained PFAS. *See, e.g.*, *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014); *Gaminde v. Lang Pharma Nutrition, Inc.*, No. 1:18-cv-300, 2019 U.S. Dist. LEXIS 48595, at *6 (N.D.N.Y. Mar. 25, 2019). Plaintiff relies on unspecified third-party testing of the Product generally but does not explain how that testing plausibly shows the actual juice drink *he* purchased contained PFAS. *Onaka v. Shiseido Ams. Corp.*, No. 21-cv-10665, 2023 U.S. Dist. LEXIS 53220, at *12-13 (S.D.N.Y. Mar. 27, 2023) (dismissing PFAS case relying on similar third-party testing).

Finally, as a past purchaser, Plaintiff lacks Article III standing to seek injunctive relief. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020).

## II.     Plaintiff's Testing Allegations Are Insufficiently Pled

Plaintiff's entire case rests on "independent testing" purportedly demonstrating the presence of PFAS in the Product. But Plaintiff alleged no factual detail about the testing, such as who conducted it, the methodology, or whether it was the juice product or bottle that purportedly contained PFAS. This Court has stated in other cases that such bare-bones allegations regarding testing are insufficient. *Myers v. Wakefern Food Corp.*, No. 20-cv-8470-NSR, 2022 U.S. Dist. LEXIS 35981, at *13-14 (S.D.N.Y. Mar. 1, 2022); *Santiful v. Wegmans Food Mkts., Inc.*, No. 20-cv-2933-NSR, 2022 U.S. Dist. LEXIS 15994, at *15 (S.D.N.Y. Jan. 28, 2022); *Turnipseed v. Simply Orange Juice Co.*, No. 20-cv-8677-NSR, 2022 U.S. Dist. LEXIS 38823, at *14 (S.D.N.Y. Mar. 4, 2022).

## III.    All of Plaintiff's Claims Fail Because He Has Not Plausibly Alleged That a Reasonable Consumer Would Be Misled

Plaintiff's theory of deception is that the Product's representations that it is an "All Natural" juice drink "made simply" with "all natural ingredients" convey to consumers that it is free from artificial *ingredients* "like PFAS." But no reasonable consumer would

Honorable Nelson Stephen Román, U.S.D.J.
May 22, 2023
Page 3

understand PFAS—a substance that is not intentionally added to the Product, but that may migrate from other sources like food packaging or equipment, or that may be present in a water source—to be an ingredient. *See Richburg*, 2023 U.S. Dist. LEXIS 21137, at *23 (as a matter of law, reasonable consumer would not interpret "only real ingredients" to mean free of PFAS); *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 173 (E.D.N.Y. 2018), *aff'd sub nom. Axon v. Florida's Nat. Growers, Inc.,* 813 F. App'x 701 (2d Cir. 2020) (orange juice containing herbicide glyphosate not mislabeled as "all natural" because glyphosate is not an ingredient added to the product). In fact, FDA exempts migratory substances like PFAS from the mandated ingredient list on food products. *See Richburg*, 2023 U.S. Dist. LEXIS 21137, at *22-23 (citing 21 C.F.R. § 101.100(a)(3)(iii)).

### IV. Plaintiff's Omissions-Based Claims Fail Because They Are Preempted, and He Has Not Plausibly Alleged Knowledge

Because FDA exempts migratory substances like PFAS from inclusion on an ingredient list, Plaintiff's attempt to impose liability for failing to include such a disclosure is expressly preempted under the Nutrition Labeling & Education Act. *See* 21 U.S.C. § 343-1(a)(2). In addition, Plaintiff has failed to plausibly allege that Coca-Cola was aware of the presence of PFAS in the Product, which dooms his omissions-based fraud and consumer protection claims. *Harris v. Pfizer Inc.*, 586 F. Supp. 3d 231, 241, 244 (S.D.N.Y. 2022).

### V. In Addition to the Above, the Claims Fail on Other, Independent Grounds

Plaintiff's MMWA claim fails to satisfy the MMWA's independent jurisdictional requirement of 100 named plaintiffs. *Bayne v. Target Corp.*, No. 1:21-cv-05938, 2022 U.S. Dist. LEXIS 172973, at *11 (S.D.N.Y. Sep. 23, 2022). Plaintiff also has not sufficiently asserted underlying breach of warranty claims to support the MMWA claim. The implied warranty claim fails because he has not shown the Product was unfit for consumption (he consumed it without incident). *Santiful*, 2023 U.S. Dist. LEXIS 40920, at *14. He also has not alleged privity or pre-suit notice. *Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 361 (S.D.N.Y. 2021); *Spurck v. Demet's Candy Co., LLC*, No. 21-cv-05506-NSR, 2022 U.S. Dist. LEXIS 133685, at *13 (S.D.N.Y. July 27, 2022). The express warranty claim similarly fails for lack of pre-suit notice. *Spurck*, 2022 U.S. Dist. LEXIS 133685, at *12-13. The GBL and fraud claims fail because Plaintiff has not shown how failing to disclose the alleged presence of trace amounts of PFAS that did not cause any health effects is material. *See Herrington v. Johnson & Johnson Consumer Cos.*, No. 09-cv-1597, 2010 U.S. Dist. LEXIS 90505, at *29 (N.D. Cal. Sep. 1, 2010). Plaintiff also fails to plead fraudulent intent or a special relationship. *Santiful*, 2023 U.S. Dist. LEXIS 40920, at *15; *Apace Communs., Ltd. v. Burke*, 522 F. Supp. 2d 509, 519 (W.D.N.Y. 2007). Finally, the unjust enrichment claim is merely duplicative of Plaintiff's other claims. *Warren v. Coca-Cola Co.*, No. 22-cv-6907, 2023 U.S. Dist. LEXIS 70494, at *24 (S.D.N.Y. Apr. 21, 2023).

Sincerely,

ALSTON & BIRD LLP

_____
Angela M. Spivey

*Attorney for Defendants*