# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**Angela M. Spivey**  Direct Dial: **+1 404 881 7857**  Email: **angela.spivey@alston.com**

January 8, 2024

**VIA ECF**

Chambers of Hon. Nelson S. Román
U.S District Court for the
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   *Lurenz v. The Coca-Cola Company et al.*, No. 7:22-cv-10941-NSR – Notice of Supplemental Authority

Dear Hon. Nelson S. Román:

I write on behalf of Defendants The Coca-Cola Company and Simply Orange Juice Company ("Defendants") in the above-referenced action to notify the Court of a recent decision issued by a court in this District dismissing a putative class action filed by Plaintiff's counsel alleging that defendants failed to disclose the presence of PFAS in their juice drink: *Hernandez v. The Wonderful Company LLC*, No. 1:23-cv-01242 (S.D.N.Y. Dec. 29, 2023) (Ramos, J.).  A copy of the decision is attached as **Exhibit A**.

In *Hernandez*, the court found that the plaintiff's "failure to plead specific facts concerning the third-party testing forming the basis of her allegations that the Product contains PFAS chemicals is fatal to her claim, as, without such details, Hernandez is left with only conclusory allegations insufficient to plausibly allege that the bottle(s) she purchased of the Product contained PFAS."  Ex. A at 10.  As in this case, the plaintiff did "not allege any bottle of the Product she purchased actually tested positive for the presence of any PFAS" and instead relied on testing allegedly conducted near in time to her purchase, without providing any further information on that testing, such as "how many bottles of the Product were tested," "the nature or results of the independent testing," or "who performed it."  *Id.* at 2 n.1, 10.  The court found these allegations were insufficient to plausibly show that "all or substantially all of the Product contains PFAS."  *Id.* at 12.

Further, while the court in *Hernandez* permitted the plaintiff to replead her dismissed claims because the motion to dismiss order was the court's first opportunity to highlight the precise defects of her pleading, Plaintiff in this case has already had the opportunity to amend his

Alston & Bird LLP                                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

January 8, 2024
Page 2

complaint, following Defendants' pre-motion conference letter putting Plaintiff on notice of the defects in his testing allegations in his initial complaint.  Dkt. 18, 25.

          Respectfully Submitted,

          */s/ Angela M. Spivey*

          Angela M. Spivey
          Counsel for Defendants


cc:  Counsel of Record (via ECF)